Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ ÁNGEL TORO COLÓN<br><br>Parte Apelante<br><br>v.<br><br>YAMA CONSULTING SERVICES, INC. BUBALIS ADMINISTRATIVE SERVICES, INC.<br><br>Parte Apelada | TA2025AP00408 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Cabo Rojo<br><br>Civil núm.: HO2022C00097<br><br>Sobre: Despido Injustificado |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

El Sr. José Ángel Toro Colón (Toro Colón o apelante), comparece ante nos y solicita que revoquemos la *Sentencia* emitida el 17 de junio de 2025, notificada el 18 de junio de 2025, por el Tribunal de Primera Instancia, Sala de Cabo Rojo (TPI). Mediante el referido dictamen, el TPI declaró Con Lugar la solicitud de sentencia sumaria presentada por la parte apelada, YAMA Consulting Services, Inc., Bubalis Administrative Consulting Services, Inc. (YAMA o apelada) y desestimó con perjuicio la demanda de despido injustificado presentada por el apelante.

El 3 de noviembre de 2025, YAMA presentó su alegato en oposición[1].

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

---

[1] Entrada núm. 4.

## I.      Trasfondo fáctico y procesal

El 28 de noviembre de 2022, Toro Colón presentó una querella[2] sobre despido injustificado (Ley 80) bajo el procedimiento sumario de la Ley Núm. 2-1961[3]. Alegó que trabajó como administrador de YAMA desde julio de 2009 hasta el 16 de noviembre de 2022, fecha en que fue despedido. Toro Colón expuso que, durante su tiempo en el empleo, devengó un salario de $4,000.00 mensuales. Por ello solicitó se declarara con lugar la querella y condenara a YAMA al pago de las sumas reclamadas[4].

El 26 de diciembre de 2022, YAMA contestó la querella[5]. Como parte de sus defensas, planteó que el despido fue por causa justificada, pues Toro Colón abusó de su puesto como administrador con el fin de realizar un esquema de apropiación ilegal, declarando dividendos no autorizados por un valor de al menos $700,000.00. Por ello solicitaron la desestimación de la querella.

Luego de varios trámites procesales, el 14 de diciembre de 2023, Toro Colón presentó la segunda querella enmendada[6]. En esta, además de incluir a Bubalis Administrative Solutions, Inc. y al Sr. Yamil Moreno (señor Moreno), alegó que su despido se debió a razones personales del señor Moreno, con el propósito de evitar que Toro Colón ayudara financieramente a la exesposa e hijos del señor Moreno.

---

[2] El 2 de diciembre de 2022, Toro Colón presentó *Querella Enmendada* (Entrada Núm. 4 SUMAC-TPI).

[3] Ley de Procedimiento Sumario de Reclamaciones Laborales. 32 LPRA § 3117 *et seq.* El 11 de marzo de 2025 el TPI ordenó la conversión del procedimiento a uno ordinario. Véase *Minuta Orden* del 5 de marzo de 2024 (Entrada Núm. 54 de SUMAC-TPI).

[4] A saber, $35,998.00 en concepto de mesada, $2,476.75 por vacaciones acumuladas, $1,846.00 consistentes en dos semanas de salario no pagado, y le impusiera el pago de honorarios de abogado.

[5] Entrada 10 SUMAC-TPI. El 20 de diciembre de 2025, YAMA presentó *Moción de Desestimación por Falta de Jurisdicción sobre la Materia y sobre la Persona bajo la Regla 10.2 de las de Procedimiento Civil Vigente* (Entrada Núm. 8 SUMAC-TPI). El 22 de febrero de 2023, el TPI denegó la solicitud de desestimación. (Entrada 21 SUMAC-TPI).

[6] Entrada 44 SUMAC-TPI.

Luego de varios trámites procesales, el 24 de octubre de 2024 YAMA presentó solicitud de sentencia sumaria[7]. Alegó que la prueba presentada demostraba la existencia de justa causa para el despido de Toro Colón, debido a que este cometió un esquema de apropiación ilegal de fondos por más de $1.4 millones durante el periodo aproximado de siete (7) a ocho (8) años.

El 4 de febrero de 2025, Toro Colón presentó su oposición a la solicitud de sentencia sumaria[8]. En resumen, este alegó que la prueba presentada por YAMA en su solicitud de sentencia sumaria no cumplía con los requisitos de la Regla 36.3 y 36.5 de Procedimiento Civil[9]. En ese sentido, argumentó que la prueba presentada consistía en una declaración jurada *self serving* que contenía prueba de referencia inadmisible. También alegó que la auditoria interna realizada por YAMA era igualmente inadmisible.

El 17 de junio de 2025, notificada el 18 de junio de 2025, el TPI emitió *Sentencia[10]*, en la que emitió 30 hechos incontrovertidos, los cuales determinó probados basándose en la prueba documental presentada por YAMA, la cual no logró ser controvertida por Toro Colón. En resumen, el TPI concluyó que la prueba presentada por YAMA cumplía con los requisitos de la Regla 36 de Procedimiento Civil, mientras que Toro Colón no logró controvertirla. También, el

---

[7] Entrada Núm. 83 SUMAC TPI. En apoyo de su moción, YAMA acompañó los siguientes documentos: Certificado de Incorporación de YAMA Consulting Services, Inc.; Deposición de Yamil A. Moreno Rodríguez; Documentos Corporativos de Bubalis Administrative Solutions, Inc.; Declaración Jurada de Yamil A. Moreno; Deposición de José Toro; Memorando de Compensación a José Toro; Cheques no autorizados emitidos por José Toro; Registro de Transferencia no autorizadas; Cheques emitidos de YAMA; Cheques emitidos desde YAMA; Movimiento de Caja 2009, Movimiento de Caja 2010, Movimiento de Caja 2011, Movimiento de Caja 2012, Movimiento de Caja 2013, Movimiento de Caja 2014; Movimiento de Caja 2015, Movimiento de Caja 2016; Movimiento de Caja 2017; Movimiento de Caja 2018; Movimiento de Caja 2019; Movimiento de Caja 2020; Movimiento de Caja 2021 y Movimiento de Caja 2022.
[8] Entrada 101 SUMAC TPI. Junto a su escrito, Toro Colón acompañó lo siguiente: Anejo III-Informe para el Manejo de Caso; Anejo V-Declaración Jurada de Toro Colón; Anejo VI-Declaración Jurada de Estelle Díaz Sánchez; Anejo VIII-Carta. Mediante *Moción en Cumplimiento de Orden* presentada el 6 de febrero de 2025, Toro Colón acompañó los siguientes anejos: Anejo I-Carta de despido versión larga; Anejo IV-Deposición Toro [C]olón y Anejo VII-Deposición Yamil Moreno.
[9] 32 LPRA § Ap. V, R. 36.3 y 36.5.
[10] Entrada Núm. 126 SUMAC TPI.

TPI concluyó que la prueba presentada por YAMA demostró que las actuaciones de Toro Colón constituyeron un esquema sistemático de apropiación ilegal de fondos corporativos que se extendió por más de siete (7) años y ascendió a cientos de miles de dólares. Por lo anterior, el foro *a quo* concluyó que había quedado demostrado que el despido de Toro Colón estuvo justificado conforme a lo dispuesto en la Ley 80 y su jurisprudencia interpretativa. Por ello, declaró Con Lugar la solicitud de sentencia sumaria presentada por YAMA y desestimó con perjuicio la reclamación de despido injustificado de Toro Colón.

Inconforme, el 3 de julio de 2025 Toro Colón presentó una *Moción de Reconsideración[11],* en la que, en síntesis, reprodujo los mismos argumentos de su oposición a la solicitud de sentencia sumaria y alegó que el TPI erró porque existía una controversia real y sustancial de hechos materiales que justificaba la celebración de juicio. El 5 de septiembre de 2025 el TPI notificó *Resolución[12]* en la que declaró NHL la solicitud de reconsideración.

Inconforme, Toro Colón acude ante nos vía recurso de apelación y formuló los siguientes señalamientos de error:

> PRIMER ERROR: La sentencia dictada no cumple con los requisitos de la Regla 36 de Procedimiento Civil y su jurisprudencia interpretativa, al pasar por alto que la parte demandante apelante cuestionó y en algunos casos aceptó, cada propuesta de hechos de la parte demandada apelada.

> SEGUNDO ERROR: Erró el TPI al llegar a conclusiones de hecho a base de evidencia inadmisible, incumpliendo así con los requisitos de la Regla 36. La parte demandada, promovente de la solicitud de sentencia sumaria, no puso realmente al Tribunal en posición de concluir que no hay controversia real de hechos en este caso por lo que procedería dictar sentencia sumariamente.

## II.     Exposición del Derecho

---

[11] Entrada 129 SUMAC TPI.
[12] Entrada Núm. 139 SUMAC-TPI.

### A. Sentencia sumaria

La Regla 36 de Procedimiento Civil regula el mecanismo procesal de la sentencia sumaria, cuyo propósito principal es facilitar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales.[13] Además, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe controversia real y que requiera ventilarse en un juicio plenario, por lo cual solo resta aplicar el derecho.[14]

En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo.[15] De manera que, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción.[16]

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho material.[17] Un hecho material es definido como aquel que "puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[18]  Se podrá derrotar una moción de sentencia sumaria si

---

[13]*Oriental Bank v. Caballero García,* 212 DPR 671 (2023); *Rosado Reyes v. Global Healthcare*, 205 DPR 796 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015).

[14]*Birriel Colón v. Econo y otros*, 213 DPR 80 (2023); *Oriental Bank v. Caballero García,* supra.

[15] Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *González Meléndez v. Mun. San Juan et. al,* 212 DPR 601 (2023); *Rosado Reyes v. Global Healthcare*, supra, págs. 808 y 809.

[16] *Íd.*

[17] Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Birriel Colón v. Econo y otros*, supra; *Rosado Reyes v. Global Healthcare*, supra, pág. 808.

[18] *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129-130 (2012).

existe una "duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[19] Énfasis en el original, subrayado nuestro.

Nuestro ordenamiento civil establece unos requisitos de forma con los cuales se debe cumplir al momento de presentar una solicitud de sentencia sumaria. Estos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.[20]

Toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria.[21] Nuestro más alto foro ha expresado, que, "[e]l hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si verdaderamente existe una controversia sustancial sobre hechos relevantes y pertinentes".[22] Por otro lado, debemos resaltar, que;

> [...]no se dictará sentencia sumaria cuando: (1) existen **hechos materiales y esenciales controvertidos**; (2) hay alegaciones afirmativas en la demanda que no han sido

---

[19] *Íd.* pág. 130; *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713 (2012).
[20] *Oriental Bank v. Caballero García,* supra; Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.
[21] *Const. José Carro v. Mun. Dorado,* supra, pág. 130; *Pepsi-Cola v. Mun. Cidra et al.,* supra, a la pág. 756.
[22] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 337 (2021).

refutadas; (3) surge de los propios documentos que se acompañan con la moción **una controversia real sobre algún hecho material y esencial**, o (4) como cuestión de derecho no procede."[23] (Énfasis nuestro).

De manera similar, el Tribunal Supremo ha recalcado que "[n]o es aconsejable usar el mecanismo de sentencia sumaria en casos donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial para dilucidar la controversia del alegado discriminen."[24]

Cónsono con lo anterior, nuestro más Alto Foro ha reiterado que, el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de primera instancia al revisar solicitudes de sentencia sumaria.[25] Es por lo que, el Tribunal de Apelaciones "está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario".[26] El Tribunal de Apelaciones no podrá considerar documentos que no fueron presentados ante el TPI, ni adjudicar hechos materiales y esenciales en controversia.[27] Los criterios a seguir por este tribunal apelativo intermedio, al atender la revisión de una sentencia sumaria dictada por el foro primario, han sido enumerados con exactitud por nuestro Tribunal Supremo.[28] A tenor con lo anterior, el Tribunal de Apelaciones debe:

> 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario;
>
> 2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;
>
> 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y

---

[23] *Pepsi-Cola v. Mun. Cidra et al.,* supra, pág. 757. Citando a *SLG Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011).

[24] *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 980 (2022). Citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994).

[25] *Birriel Colón v. Econo y otros*, supra; *Rosado Reyes v. Global Healthcare*, supra, pág. 809.

[26] *Meléndez González et al. v. M. Cuebas,* supra, pág. 118.

[27] *Íd.* págs. 114 y 115.

[28] *Roldán Flores v. M. Cuebas et al*, 199 DPR 664, 679 (2018).

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[29]

Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.[30] De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho.[31]

## B. Ley de Despido Injustificado

La Ley Núm. 80 de 30 de mayo de 1976, conocida también como la *Ley de Despido Injustificado*, según enmendada ("Ley 80-1976")[32], fue creada con el fin primordial de proteger, de manera más efectiva, el derecho del obrero puertorriqueño a la tenencia de su empleo. A su vez, procura desalentar la práctica de despedir a los empleados de forma injustificada y otorga a los trabajadores remedios justicieros y consustanciales con los daños causados por un despido injustificado.[33]

El Artículo 2 de la Ley Núm. 80-1976, según enmendada, *supra*, establece, en lo atinente, que:

> Se entenderá por justa causa para el despido de un empleado aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono. Además, se entenderá por justa causa aquellas razones que afecten el buen y normal funcionamiento de un establecimiento que incluyen, entre otras, las siguientes:
>
> (a) Que el empleado incurra en un patrón de conducta impropia o desordenada.
> (b) Que el empleado incurra en un patrón de desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente. Esto incluye incumplir con normas y estándares de calidad y seguridad del patrono, baja productividad, falta de competencia o habilidad para

---

[29] *Íd.*
[30] *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019).
[31] *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335 (2023).
[32] 29 LPRA sec. 185a *et seq.*
[33] Véase, Exposición de Motivos de la Ley 80-1976, *supra.*; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 424 (2013); *Feliciano Martes v. Sheraton,* 182 DPR 368 (2011).

realizar el trabajo a niveles razonables requeridos por el patrono y quejas repetidas de los clientes del patrono.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

(d) Cierre total, temporero o parcial de las operaciones del establecimiento.  En aquellos casos en que el patrono posea más de una oficina, fábrica, sucursal o planta, el cierre total, temporero o parcial de las operaciones de cualquiera de estos establecimientos donde labora el empleado despedido, constituirá justa causa para el despido a tenor con este Artículo.

(e) Los cambios tecnológicos o de reorganización, así como los de estilo, diseño o naturaleza del producto que se produce o maneja por el establecimiento y los cambios en los servicios rendidos al público.

(f) Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el propósito de aumentar la competitividad o productividad del establecimiento.

[…]

Cabe destacar que, "la enumeración de escenarios que se consideran justa causa contenida en la Ley Núm. 80 no es taxativa".[34] Por consiguiente, la Ley Núm. 80-1976, *supra,* no puede ser considerada un código de conducta que contenga una lista de faltas claramente definidas y la sanción que corresponda a cada una.[35] Los patronos, pueden aprobar reglamentos internos y normas de conducta en el lugar de trabajo que estimen necesarias y los empleados estarán sujetas a ellas, siempre que estos cumplan con un criterio de razonabilidad.[36]

De este modo, la mencionada ley fue aprobada con el fin primordial de proteger "de una forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que, a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido".[37]  Los empleados que se puedan beneficiar de esta ley

---

[34] *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 930 (2015).
[35] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 773 (2022), citando a *Srio. del Trabajo v. G.P. Inds., Inc.*, 153 DPR 223, 243 (2001).
[36] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., supra*, pág. 773.
[37] *Feliciano Martes* v. *Sheraton*, 182 DPR 368, 379 (2011).

tienen que ser de comercio, industria o cualquier otro negocio o sitio de empleo que: (1) estén contratados sin tiempo determinado; (2) reciban una remuneración, y (3) sean despedidos de su cargo sin que haya mediado justa causa.[38] Se define como justa causa para el despido la que tiene origen para el buen funcionamiento de la empresa y no al libre arbitrio del patrono.[39] Ahora bien, los patronos deben pagar una mesada a los empleados que son despedidos sin justa causa.[40] Todo despido que no fuese basado en una justa causa es considerado injustificado y en el cual el empleado recibe el beneficio de un remedio exclusivo.[41]

### III. Aplicación del derecho a los hechos

Adelantamos que, por estar estrechamente relacionados, discutiremos los señalamientos de error en conjunto. En el recurso que nos ocupa, Toro Colón arguye que el foro primario incidió al declarar con lugar la solicitud de sentencia sumaria presentada por YAMA, bajo el argumento de que la prueba presentada por la apelada no cumple con los requisitos de la Regla 36, *supra,* y que el apelante cumplió con aceptar y cuestionar los hechos propuestos por YAMA.

En primer lugar y, a tenor con el marco jurídico previamente expuesto, nos encontramos en la misma posición que el TPI en revisar una solicitud de sentencia sumaria. Primero, nos compete evaluar si las partes cumplieron con los requisitos de forma exigidos por la Regla 36.3 de Procedimiento Civil, *supra*, respecto a la moción de sentencia sumaria, así como su oposición. Veamos.

Luego de evaluar la *Solicitud de Sentencia Sumaria,* presentada por YAMA, concluimos que esta cumplió con los requisitos de forma dispuestos por la Regla 36.3 de Procedimiento

---

[38] *Rivera Figueroa* v. *The Fuller Bush Co.*, 180 DPR 894, 906 (2001).
[39] *Srio. del Trabajo* v. *I.T.T.*, 108 DPR 536, 542 (1979).
[40] *SLG Zapata* v. *J.F Montalvo*, 189 DPR 414, 424 (2013).
[41] *Díaz* v. *Wyndham Hotel Corp.*, 155 DPR 364, 378 (2001).

Civil, *supra*. En la referida solicitud, YAMA enumeró los hechos que, a su juicio, no versaba controversia sobre ellos. Como respaldo a tales hechos, anejó los documentos correspondientes e hizo referencia a cada uno de ellos de forma específica.

Por otra parte, luego de evaluar la oposición presentada por Toro Colón, concluimos que este no cumplió con los requisitos de forma establecidos en la Regla 36.3 de Procedimiento Civil, *supra*. Las alegaciones presentadas por este en su escrito en oposición eran generales; tampoco acompañó su oposición con documentos que controvirtieran los hechos propuestos por YAMA, de que el apelante incurrió en un esquema de apropiación ilegal que desfalcó a la empresa. Toro Colón no incluyó prueba que demostrara que el despido fue injustificado, pues la prueba presentada por este sobre los motivos personales que alegó como causa de su despido, en forma alguna superan el hecho de que este incurrió en un patrón de conducta impropia en perjuicio de la compañía. Por consiguiente, no sustentó sus argumentos para que el TPI y este Tribunal evaluaran las alegaciones de Toro Colón con respecto a que fue despedido injustificadamente.

Ahora bien, nos corresponde determinar si existen hechos en controversia que impidan la adjudicación sumaria del caso. Tras un examen cuidadoso del expediente y las mociones de sentencia sumaria y oposición, así como los documentos incluidos en las mociones de sentencia sumaria, concluimos que no existen hechos materiales en controversia. Asimismo, las determinaciones de hechos acogidas por el TPI no fueron rebatidas mediante prueba o argumentación alguna de la parte apelante. Nos corresponde entonces revisar *de novo* si el TPI aplicó el derecho correctamente.

Conforme expusimos anteriormente, YAMA demostró la justa causa requerida para el despido justificado, pues Toro Colón fue despedido por patrón de conducta impropia y reiterada en contra de

YAMA. Mientras, Toro Colón no presentó prueba que controvirtiera o estableciera dudas sobre el hecho de que el despido fue justificado. Por ello, a la luz de la prueba presentada por YAMA, y ante la ausencia de prueba en contrario, concluimos que procede la desestimación con perjuicio de la reclamación por despido justificado.

Por consiguiente, resolvemos que el TPI actuó correctamente al declarar Ha Lugar la solicitud de sentencia sumaria de YAMA y, por tanto, desestimar, con perjuicio la reclamación de Toro Colón. Consecuentemente, confirmamos el dictamen apelado.

## IV.	Parte dispositiva

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones